**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J.A. BRYAN, JR., | No. 23-3011 |
| Petitioner - Appellant, | D.C. No. 16797-16 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Appellee. | |

Appeal from a Decision of the United States Tax Court

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Anthony Bryan Jr. ("Taxpayer") appeals pro se from the Tax Court's order upholding the Commissioner of Internal Revenue's determination of an income tax deficiency and imposition of penalties against him for tax years 2010, 2011 and 2012. As the parties are familiar with the facts, we do not recount them here

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

except as they pertain to our ruling. We have jurisdiction of this appeal under I.R.C. § 7482(a)(1) and we affirm the Tax Court.

Taxpayer may not deduct the 2007 loss from Pool Boy the Movie, LLC. The Palm Finance loan to Pool Boy was allocable as a recourse liability to New Moon, not to Watley, LLC. *See* Treas. Reg. § 1.752-2(b). This loan did not create outside basis for Watley in Pool Boy because Watley did not bare the "economic risk" of the loan. *See* § 1.752-2(a). Watley's promissory note was an asset of Pool Boy and thus would have an assumed value of zero in constructive liquidation, not $2.7 million as Taxpayer asserts. *See* § 1.752-2(b). Additionally, this note does not satisfy the exception for assets contributed to secure a partnership liability under § 1.752-2(h). Taxpayer made no payments on the note, and it is not readily tradeable on an established securities market, thus it cannot serve as an asset to secure partnership liability. *See* § 1.752-2(h)(4); *see also Don E. Williams Co. v. Comm'r,* 429 U.S. 569, 579 (1977); *Levy v. Comm'r*, 732 F.2d 1435, 1437 (9th Cir. 1984).

Nor did Taxpayer establish outside basis in NOTD Investments, LLC. The Cold Fusion loan is a recourse liability allocated to the New Moon and Seven Arts Pictures alone. Under the same constructive liquidation analysis as above, Taxpayer's promissory note is treated as having no value and thus uncollectible by Cold Fusion. *See* § 1.752-2(b). This note also does not serve as an asset to secure

partnership liability as Taxpayer has made no payments on it either. *See* § 1.752-2(h)(4); *see also Don E. Williams Co.*, 429 U.S. at 579. Therefore, Taxpayer may not deduct the 2008 or 2009 losses from NOTD.

**AFFIRMED**.